**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Herrera,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-18-02658-PHX-KML<br><br>**ORDER** |

　　　　In 2014, plaintiff Christina Herrera filed an application for disability benefits. (Doc. 15 at 2.) An Administrative Law Judge later issued a partially-favorable decision. (Doc. 15 at 2.) Dissatisfied with that outcome, in July 2018, Herrera signed a contingency fee agreement with attorney Mark Caldwell. That agreement contemplated Caldwell would represent Herrera "in a federal court action for judicial review of [the] decision" denying her claim for disability benefits. (Doc. 24-2 at 2.) The agreement set Caldwell's fee as an amount "equal to twenty-five percent (25%) of all past-due benefits awarded to [Herrera] and any other individuals(s) entitled to benefits by reason of the award to [Herrera]." (Doc. 24-2 at 2.) One month after the agreement was executed, Caldwell filed the present suit.

　　　　In April 2019 the court reversed the Administrative Law Judge's decision and remanded for further proceedings. (Doc. 18.) A few months later, the court awarded Caldwell $8,164.80 in attorneys' fees under the Equal Access to Justice Act. (Doc. 21.) For unknown reasons the additional proceedings took a significant amount of time, but eventually Herrera and her child were awarded benefits. The agency withheld 25% of the

awards (*i.e.*, $58,233.75) to pay Caldwell. (Doc. 24-1 at 4, 9.) The agency also awarded Herrera's administrative counsel $11,975.00 for the work performed during the agency proceedings. (Doc. 24 at 2.) Caldwell now seeks an award of $46,258.75 in attorneys' fees, calculated as the 25% withheld by the agency ($58,233.75) minus the administrative attorneys' fees ($11,975.00) already paid. (Doc. 24 at 1.) According to Caldwell's billing records, he performed 40.5 hours of work in this case. The amount he seeks therefore represents an effective hourly rate of $1,142.19. The commissioner "neither supports nor opposes" Caldwell's request. (Doc. 27 at 3.)

The relevant statute allows the court to award Caldwell "a reasonable fee for [his] representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b). When an attorney files a request for fees under § 406(b), the court must "look[] first to the contingent-fee agreement, then test[] it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (simplified). There is no "definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed." *Id.* at 1151. But the court's reasonableness inquiry may look to "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.*

Here, the agreement allows Caldwell to recover 25% of past-due benefits. There is "no evidence of fraud or overreaching in the making of the 25% contingent-fee agreement[]," so the 25% permitted by the agreement is an appropriate starting point. *Id.* The only other question is whether the amount the agreement contemplates Caldwell be awarded is reasonable. There is no evidence of poor performance or delay by Caldwell. And Caldwell's effective hourly rate of $1,149.19 is reasonable based on the work Caldwell performed and the risk that no benefits would be awarded.

/

/

/

/

**IT IS ORDERED** the Motion for Attorneys' Fees under 42 U.S.C. § 406(b) (Doc. 24) is **GRANTED** in the amount of $46,258.75.

**IT IS FURTHER ORDERED** plaintiff's counsel shall, after receipt of the above-awarded fee, refund to plaintiff all fees awarded under the EAJA, in the amount of $8,164.80.

Dated this 29th day of January, 2026.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge